THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAR KRAFT ENGINEERING
A MICHIGAN CORPORATION,

    Plaintiff,

vs.

CARROLL SHELBY, an individual;
CARROLL SHELBY LICENSING, INC.,
a California corporation; CARROLL
HALL SHELBY REVOCABLE TRUST,
a Texas Trust; FORD MOTOR CO.,
a Delaware corporation; and FORD
COMPONENT SALES, L.L.C., a
Delaware limited liability corporation,

    Defendants.
_____/

Case No. 06-14034

HONORABLE JOHN CORBETT O'MEARA
HONORABLE STEVEN D. PEPE

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO JOIN FORD MOTOR COMPANY AS A COUNTER-CLAIM CO-DEFENDANT (DKT. #15)**

On February 22, 2007, Plaintiff Kar Kraft filed its motion to join Defendant Ford Motor Company ("Ford") as a counter-claim co-defendant to the Shelby Defendants' counter-claim against Plaintiff for trademark infringement pursuant to 15 U.S.C. § 1114(1) (Dkt. #15). Defendants filed a consolidated response on March 12, 2007 (Dkt. #16). Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. 636 (b)(1)(A) (Dkt. #19). A hearing was held on May 24, 2007, in which all unresolved issues were heard. For reasons stated on the record and indicated below, **IT IS ORDERED** that Plaintiff's motion is **DENIED.**

I.  FACTUAL BACKGROUND

1

On or about February 28, 2005, Defendants Carroll Shelby Licensing, Inc. and Carroll Shelby (collectively "Shelby") and Ford entered into a License Agreement, whereby Shelby, in exchange for consideration, granted Ford a license to use the Shelby trademarks for "Shelby®" and "GT-500®" on and in connection with GT-500 vehicles, replacement parts for GT-500 vehicles, and Ford's promotion of both for a specific period of time (Dkt. #16, Ex. 1). Some of the component and/or replacement items that bore the Shelby registered trademarks that were included in the License Agreement were emblems for genuine 2007 Shelby Mustang GT-500 vehicles. In 2006, Kar Kraft ordered various replacement parts directly from Ford, including those set forth above, that were covered by the License Agreement. Upon receipt of such orders from Kar Kraft, Ford shipped the ordered parts and invoiced Kar Kraft for the same. After Kar Kraft received the parts, it began advertising and marketing their resale on its website.

For reasons disputed by the parties, Ford suspended shipment on any other Kar Kraft orders for the relevant parts and offered to purchase back the parts that Kar Kraft had purchased from Ford (Dkt. #16, Ex. 4). When Kar Kraft rejected Ford's offer, Ford contacted Shelby regarding the "mistake" in sales to Kar Kraft and the negotiations for the return of the parts between Ford and Kar Kraft. Upon receipt of such notice, Shelby sent Kar Kraft a cease and desist letter, which stated, in part, that Shelby had notice of Kar Kraft's alleged improper use of items bearing Shelby's registered trademarks and demanded that Kar Kraft (1) provide an accounting to Shelby of all merchandise sold bearing the Shelby registered trademarks, and (2) stop selling any products that misused the Shelby registered trademarks (Dkt. #16, Ex. 5).

On or about September 6, 2006, Kar Kraft filed a declaratory action, seeking a declaration from this Court that its actions did not constitute trademark infringement, and

asserting a cause of action against Shelby for misuse of trademarks and a cause of action against Ford for breach of contract. The Shelby Defendants filed a counter-claim against Kar Kraft for trademark infringement pursuant to 15 U.S.C. § 1114(1), unfair competition, false designations of origin, and false and misleading representations pursuant to 15 U.S.C. § 1125(a), and trademark dilution pursuant to 15 U.S.C. § 1125(c) (Dkt. #10). Kar Kraft subsequently filed the present motion pursuant to Fed. R. Civ. P. 19(a), arguing that Ford is a necessary defendant to the counter-claim as a result of the relationship between Ford and Shelby, and requesting that the Court compel Kar Kraft to add Ford as a defendant.

## II. ANALYSIS

### A. Standard Of Review

Fed. R. Civ. P. 19 governs joinder of necessary and indispensable parties. Courts follow a three-step analysis to determine whether a case may proceed in the absence of a particular party. *Paine Webber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001). First, a court must determine whether the non-party is "necessary to the action and should be joined if possible." *Id.* (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999)). If the person should be joined, the next question to be resolved is whether the party seeking to be joined is subject to personal jurisdiction and can be joined without destroying subject matter jurisdiction. *Paine Webber, Inc.*, 276 F.3d at 200 (citing *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345-46 (6th Cir. 1993)). Lastly, if the party seeking to be joined should be joined, but cannot be made a party under the second inquiry, the final inquiry becomes whether "in equity and good conscience" the action should proceed absent that party, or whether the action be dismissed because the absent party would be indispensable. *Paine Webber, Inc.,*

276 F.3d at 200 (citing *Soberay Mach*, 181 F.3d at 764). Resolution of this final step is analyzed under Rule 19(b) and requires consideration of four factors:

> (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> (3) whether a judgment rendered in the person's absence will be adequate;
>
> (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ P. 19(b).

### B. Factual Analysis

Kar Kraft argues that if it is trademark infringer then, necessarily, Ford is a contributory infringer because all the accused Shelby parts that Kar Kraft offered for sale were acquired from Ford. Therefore, Kar Kraft contends that Ford is a joint tortfeasor and/or contributory infringer based upon Shelby's answer, which admits that Ford is a licensee but concomitantly asserts that Kar Kraft is a direct infringer. As such Kar Kraft alleges it cannot get complete relief as a counter-defendant without Ford being present as a co-defendant, and that thus pursuant to Fed. R. Civ. P 19 Ford should be added.

Yet, a joinder analysis does not reach the factors under Rule 19(b) if the court first determines that the party seeking to be joined is not a necessary party. *See, Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) (establishing that Rule 19(b) inquiry is only required if threshold requirements of Rule 19(a) are satisfied). Here, Kar Kraft cannot demonstrate that Ford is a necessary defendant to the counterclaim and therefore, its motion must be dismissed. *See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200,

207-208 (D.D.C. 1981); *Make Up For Ever, S.A. v. Soho Forever, LLC*, 198 F.R.D. 56, 60-61 (S.D.N.Y. 2000); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp.2d 1131, 1142 (N.D. Okla. 2001); *Jonesfilm v. Lions Gate International*, 299 F.3d 134, 140 (2nd Cir. 2002); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2nd Cir. 2000); *see also* Wright, Miller & Kane, *Federal Practice and Procedure Civil* 3d § 1614 (stating that "[t]he question of who must be joined as defendants in patent, copyright, and trademark suits for infringement also is fairly easy to answer. A suit for infringement may be analogized to other tort actions; all infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not required to join all infringers in a single action").

In *Stabilisierungsfonds*, plaintiffs, German wine producers, brought a trademark infringement action against defendants, an Australian wine producer, its subsidiary, a New York wine importer, and a retail store located in the District of Columbia. *Stabilisierungsfonds*, 647 F.2d at 201. The district court dismissed plaintiffs' action against the Australian wine producer because it concluded that it lacked personal jurisdiction over that defendant and as a result, also dismissed the claims against the remaining defendants, finding that the Australian wine producer was an indispensable party under Fed. R. Civ. P. 19, and plaintiffs appealed. *Id.*

On appeal, after addressing whether the district court had personal jurisdiction over the Australian wine producer defendant and concluding that it did, the Court of Appeals went on to address whether even in the absence of personal jurisdiction, it was improper for the district court to dismiss plaintiffs' claims against the remaining defendants. *Id.* at 207. The court concluded that it was improper for the district court to dismiss plaintiffs' claims against the remaining defendants pursuant to Rule 19, holding that because plaintiffs' claims were for

5

trademark infringement, the Australian wine producer was not an indispensable party to the action:

> Even if the district court lacked adjudicatory authority over the Australian defendants, we would reinstate the claims against [the New York wine importer] and [the District of Columbia retail store]. Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor. Since joint tortfeasors are jointly and severally liable, the victim of trademark infringement may sue as many or as few of the alleged wrongdoers as he chooses; those left out of the lawsuit, commentary underscores, are not indispensable parties. The district court's decision to the contrary overlooked this settled rule.

*Id.* at 207-208 (internal citations omitted).

Similarly, in *Jonesfilm*, plaintiff, the holder of a trademark in the motion picture *9 ½ Weeks,* brought an infringement action against defendants, producers of an allegedly unauthorized prequel (The First 9 ½ Weeks). *Jonesfilm*, 299 F.3d at 135, 138. The district court dismissed plaintiff's action pursuant to Fed. R. Civ. P. 19 on the grounds that plaintiff had failed to join an indispensable party—the entity that plaintiff originally contracted with for rights to produce a sequel to *9 ½ Weeks,* which rights had subsequently been transferred to defendants without notice to plaintiff. *Id*. In holding that plaintiff had failed to join an indispensable party, the district court found that the unjoined entity was "a necessary party under Fed. R. Civ. P. 19(a) because the adjudication of the plaintiff's action would affect [the entity's] contractual rights." *Id*. at 136. Plaintiff appealed.

On appeal, the Court of Appeals reversed the district court's decision, finding that the unjoined entity was not a necessary party to plaintiff's trademark infringement action against defendants:

6

> The first standard by which a non-defendant party is necessary, whether "complete relief can be granted in the absence of the party," Fed. R. Civ. P. 19(a)(1), does not apply to this case. The absence of [the unjoined entity] as a defendant in this case does not affect the relief that the plaintiff can recover for the damage it suffered from the distribution of The First 9 ½ Weeks or the declaratory relief of enjoining the distribution of that film. The plaintiff does not allege that [the unjoined entity] participated in or is participating in the infringement of its trademark. There is no allegation, for example, that [the unjoined entity] had a part in producing or distributing The First 9 ½ Weeks or is distributing that film now.

*Id.* at 140.

Furthermore, the Court of Appeals noted that even if the unjoined entity had contributed to the alleged infringement in some way, plaintiff was still not obligated to join all prospective infringers in its lawsuit against defendants:

> Even if [the unjoined entity] had contributed in some way to the trademark infringement, the plaintiff is not required to sue every infringer. *See, e.g., Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 358 (2nd Cir. 2000). Because every infringer is a joint tort-feasor who is jointly and severally liable to the victim, the plaintiff need only sue one such joint-feasor to obtain the full amount of damages that it is seeking.

*Id.* at n. 1.

The great weight of authority therefore establishes that Shelby Defendants' decision to only bring suit for trademark infringement against Kar Kraft was legally permissible, as it can obtain the full amount of damages for the infringement from Kar Kraft. Plaintiff has asserted that because Ford is an alleged contributory infringer the general rule regarding joint and severally liability is not applicable, but fails to provide any authority that would justify such a holding. Therefore, Plaintiff's motions to join Ford as a counterclaim co-defendant to Defendants' counterclaim against Plaintiff for trademark infringement must be denied. Yet, while Plaintiff's motion was not the proper procedural device to add Ford to this trademark infringement claim, this order does not preclude Plaintiff from bringing any direct claim against

Ford.

## III. ORDER

For reasons stated on the record and indicated above, Plaintiff's motion is **DENIED**. The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**

Date: May 25, 2007                        s/Steven D. Pepe
Flint, MI                                   United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on May 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Howard E. Gurwin, Kathleen A. Lang, Arnols S. Weintraub, Nicole M. Wotlinski., and I hereby certify that I have mailed United States Postal Service the paper to the non-ECF participants: not applicable

                                            s/ James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete_peliter@mied.uscourts.gov